**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AFA INVESTMENT, INC., *et al*.[1], | : | Case No. 12-11127 (MFW)<br>(Jointly Administered) |
| Debtors. | : | |
| GREATER OMAHA PACKING COMPANY, INC., CONTINENTAL CASUALTY COMPANY AND ITS NORTH AMERICAN INSURANCE AFFILIATES, | : | **Obj. Deadline: June 1, 2012 @ 4:00 p.m. (EST)**<br>**Hr'g Date: June 15, 2012 @ 11:30 a.m. (EST)** |
| Movants, | : | |
| v. | : | |
| AFA INVESTMENT, INC., *et al.*, | : | |
| Respondents. | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING PROSECUTION OF CROSS-CLAIMS FOR CONTRIBUTION AND/OR INDEMNITY WITH RESPECT TO THE COHEN LITIGATION BROUGHT AGAINST DEBTORS**

Greater Omaha Packing Co., Inc. and its insurers, Continental Casualty Company and its North American insurance affiliates (collectively, "***GOPAC***"), by and through their undersigned counsel, and pursuant to 11 U.S.C. § 362(d), hereby move the Court for order seeking relief from the automatic stay to prosecute cross-claims, including but not limited to, claims for contribution and/or indemnity against the Debtors with respect to the Cohen Litigation (defined below)

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): AFA Investment Inc. (0331); American Foodservice Corporation (1780); American Fresh Foods, Inc. (7389); American Fresh Foods, L.P. (7302); AFA Foods, Inc. (0429); American Fresh Foods, LLC (7301); Fairbank Reconstruction Corporation (2405); American Foodservice Investment Company, LLC (9525); and United Food Group LLC (7584). The address of each of the Debtors is 860 First Avenue, Suite 9A, King of Prussia, Pennsylvania 19406.

involving primary claims brought by Donald Cohen against the Debtors and GOPAC (the "***Motion***"). In support of its Motion, GOPAC states as follows:

**PRELIMINARY STATEMENT**

1. The purpose of this Motion is to permit GOPAC to pursue its cross-claims against the Debtors arising from the action filed by Donald R. Cohen, individually and as executor of the estate of Susan G. Cohen, Deceased ("***Cohen***"), against the Debtors and GOPAC, and others, in the case styled *Cohen v. Fairbank Reconstruction Corp. et al.*, No. 4087 10, Supreme Court of New York, Albany County (the "***Cohen Litigation***").

2. The Debtors have already released the direct claims in the Cohen Litigation from the automatic stay. On or about May 17, 2012, the Court entered an agreed order (the "***Cohen Order***") between the Debtors and Cohen modifying the automatic stay to allow Cohen to proceed to trial with his damage claims against the Debtors (the "***Damages Claims***") in the Cohen Litigation. However, since the Cohen Order does not extend to GOPAC, GOPAC cannot prosecute its cross-claims against the Debtors due to the automatic stay. The automatic stay does not affect the Debtors ability to proceed with their cross-claims against GOPAC. Accordingly, GOPAC, a co-defendant with the Debtors in the Cohen Litigation, similarly asks this Court for relief from the automatic stay to prosecute to conclusion its cross-claims for contributions and/or indemnity against the Debtors.

3. As a matter of judicial economy and fundamental fairness, GOPAC must be afforded the opportunity to prove in any trial in the Cohen Litigation that any damages to Cohen were caused by the Debtors and not GOPAC. Unless GOPAC is granted such relief, GOPAC is left in the highly prejudicial position of not being able to fully defend and present its case while the other parties are allowed to go forward. Accordingly, the automatic stay should either be

(a) modified to allow the Cohen Litigation to move forward as to all parties, including GOPAC's cross-claims against the Debtors or (b) the Cohen Litigation should be stayed as to all parties. Moreover, given that the Debtors have already consented to participate in the Cohen trial currently scheduled for October 2012, the inclusion of GOPAC's claims in that same trial can have no adverse economic impact on the Debtors' estate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and parties to this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 362(d)(1).

## BACKGROUND

7. On June 24, 2010, Cohen filed the Cohen Litigation against Fairbank Farms, Inc., the debtor Fairbank Reconstruction Corp. d/b/a Fairbank Farms (hereinafter the "***Debtors***" or "***Fairbank***") and non-debtors the Price Chopper Inc., Price Chopper Operating Co., Inc. d/b/a/ Price Chopper and the Golub Corporation. On November 10, 2010, Cohen amended his complaint to add GOPAC as a co-defendant in the Cohen Litigation. Cohen sought damages from the defendants arising from the alleged wrongful death of Susan G. Cohen as a result of her consumption of ground beef contaminated with *E.coli* O157:H7. Fairbank filed cross-claims against GOPAC alleging that if Fairbank were to be found liable to Cohen, it was entitled to common law and contractual contribution and indemnification against GOPAC for any sums that Fairbank is adjudged liable to pay Cohen on the grounds that the raw materials supplied by

GOPAC to Fairbank which Fairbank used to process its ground beef were the source of the contamination. GOPAC asserted its own cross-claims against Fairbank and the other non-debtor co-defendants.

8. Cohen, the Debtors and GOPAC each moved for summary judgment in the state court proceeding and opposed each other's respective motions. On or about April 2, 2012, the New York State Court entered an order granting Cohen's summary judgment motion on the strict liability claims against Fairbank. The New York State Court denied the remaining summary judgment motions and the trial on the remaining issues and claims is scheduled to begin on October 1, 2012.

9. Also, on April 2, 2012 (the "***Petition Date***"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. By an order of the Court (Docket No. 35), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

10. Fairbank and GOPAC are co-defendants in four personal injury cases (including the Cohen Litigation) in state and other federal courts where indemnification of Fairbank by GOPAC and the negligence of Fairbank as asserted by GOPAC are at issue (collectively, the "***Other Cases***"). GOPAC was also a third-party defendant in the case of *Long, et al v. Fairbank, et al*, case nos 09-cv-00592-GZS and 10-cv-60-GZS (consolidated) pending in the District Court of Maine (the "***Long Case***"). In the Long Case, Fairbank filed a third-party complaint against GOPAC seeking indemnity and contribution for resulting damages arising from the plaintiffs' claims. GOPAC was not permitted to assert a defense that the Debtors were negligent and not entitled to indemnification. The case went to a jury trial, and the jury found in favor of Fairbank

and against GOPAC and GOPAC has appealed (the "***Appeal***") to the United States Circuit Court of Appeals for the First Circuit (the "***First Circuit***") and is currently stayed.

11. On April 19, 2012 [Dkt. No. 131], Cohen filed his motion to lift the automatic stay (the "***Cohen Motion***") to continue the Cohen Litigation against the Debtors. Plaintiffs, LouAnn and Joseph Cannella and Emmie Jones also filed a motion to lift the stay to continue their claims against the Debtors [Dkt. No. 152] (the "***Cannella/Jones Motion,***" and with the Cohen Motion, the "***Stay Relief Motions***").

12. Since the issue of whether Fairbank received contaminated meat from GOPAC (the "***Underlying Claim***") presents important points of law and fact that must be litigated in each of the Other Cases and resolved in the Appeal, on May 1, 2012, GOPAC filed a consolidated limited objection to the Stay Relief Motions on the grounds that the underlying litigation should be stayed until the First Circuit rules on the Appeal [Dkt. No. 209]. On May 3, 2012, GOPAC filed a motion to lift stay to allow the Appeal to continue [Dkt. No. 217], which is currently set for hearing before this Court on June 15, 2012. In both of the pleadings filed by GOPAC, GOPAC asserts that the Other Actions, including the Cohen Litigation, should be stayed while this Court allows the Appeal to go forward because GOPAC faces substantial risk of repeated litigation with respect to the underlying plaintiffs' claims and the Debtors' Underlying Claim that hinges on the outcome of the appeal.

13. The Debtors also objected to the Lift Stay Motions asserting that the Cohen Litigation and the Cannella/Jones lawsuits are only three actions among a larger group of actions arising from certain shared facts and such movants seeking stay relief are only three among other claimants who have asserted, or may yet assert similar claims. *See* Debtors' Consolidated

Response [Dkt. No. 205] that was joined by the Committee [Dkt. No. 207]. Specifically, the Debtors asserted that:

> …the Lawsuits represent only a portion of the overall litigation and potential claims arising out of the contaminated GOPAC meat. Three other pending lawsuits raise claims based on the same adulterated products....In addition, because (a) the Lawsuits all share critical facts concerning the contaminated GOPAC meat, (b) GOPAC is a co-defendant with Fairbank in each of the Lawsuits and (c) the same is true for other pending litigation, lifting the automatic stay will create a risk of inconsistent rulings and judicial inefficiency. Thus, there is a real danger that, in addition to having to defend multiple actions, the Debtors will be faced with conflicting results. This is particularly concerning because the Debtors also have affirmative claims against GOPAC, which could comprise a significant asset of their estates….For all of the foregoing reasons, lifting the automatic stay at this early juncture will cause significant prejudice to the Debtors.

*See* Debtors' Consolidated Response, ¶¶ 16 to 18.

14. On the morning of the hearing on the Lift Stay Motions, counsel for the Debtors advised counsel for GOPAC that they had reached an agreement with counsel for Cannella and Jones to adjourn the Cannella/Jones Motion until the June 15, 2012 hearing, but had not reached any resolution with Cohen with respect to the Cohen Motion. Once the hearing commenced, only then did GOPAC learn that the Debtors and Cohen had reached an agreement to modify the stay to permit Cohen and the Debtors to proceed to and through trial and judgment of the Damage Claims in the Cohen Litigation provided that Cohen agrees not to involve the Debtors in any discovery, motion practice, trial preparation or other litigation activity in any matter before August 1, 2012. The Debtors stated on the record that any other claims against the Debtors would be stayed absent some relief.

## RELIEF REQUESTED

15. By this Motion, GOPAC requests the Court grant it relief from stay to prosecute to conclusion its cross-claims for contribution and/or indemnity against the Debtors and to recover on any such claims from the Debtors' insurance proceeds. The relief GOPAC is seeking is necessary for the trial court to determine the extent of liability between the parties and the amount of contribution and/or indemnity, if any, for which the Debtors will be responsible to GOPAC and/or the other co-defendants in the Cohen Litigation. GOPAC does not seek to enforce any order or judgment that it may obtain against the Debtors or the Debtors' property absent further order of this Court.

## ARGUMENT

16. Section 362(d) of the Bankruptcy Code provides relief from the automatic stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d).

17. Although "cause" is not defined by the Bankruptcy Code, the bankruptcy court has discretion in determining whether cause exists to modify the stay. *See e.g., In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay."); *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("'cause' is not defined in the Code; it must be 'determined on a case by case basis.'"); *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). Courts have wide latitude in crafting relief from the automatic stay. *See Bladino v.*

*Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).

18. As part of the "cause" analysis, bankruptcy courts frequently conduct a multifactor inquiry in order to balance the benefit to the moving party of relief from the stay against any prejudice to the debtor or the bankruptcy proceeding that may result. This Court has "developed a three-part balancing test to evaluate what cause exists in a specific case" which analyzes: a) whether prejudice to the bankruptcy estate of the debtor will result if the [other action] proceeds; b) whether hardship to the party seeking relief outweighs the hardship to the debtor; and c) whether the creditor has any probability of prevailing on the merits. *In re DBSI, Inc.*, 407 B.R. 159, 166 (Bankr. D. Del. 2009) (*quoting SCO Group*, 395 B.R. at 857 (Bankr. D. Del. 2007) (citing *Rexene*, 141 B.R. at 576)). The balance of the *Rexene* factors weighs heavily in favor of lifting the stay for the limited relief sought by GOPAC.

19. Sufficient cause weighs in favor of GOPAC on each of these three prongs. The Debtors would not suffer prejudice should the stay be lifted for several reasons. First, the Cohen Motion has already been granted as to Cohen and Cohen's claims will be liquidated in the Cohen Litigation. Second, allowing GOPAC to prosecute its cross-claims against the Debtors will provide judicial economy and efficiency because such cross-claims arise out of the same transaction or occurrence that is the subject matter of Cohen's Damage Claims. The Debtors recognize that there is a danger that they could be faced with conflicting results if the stay is lifted as to Cohen (or other plaintiffs), especially since they have affirmative claims against GOPAC which could comprise a significant asset of their estates. *See* Debtors Consolidated Response, at ¶ 17. The same danger applies if the stay is lifted to all other parties and not GOPAC.

20. Third, the Debtors have already retained counsel in the Cohen Litigation so proceeding with that litigation will not involve the Debtors' bankruptcy counsel or disrupt the Debtors' operations in any significant way. *See* Affidavit In Support of Ordinary Course Retention of Gass Weber Mullins LLC filed on May 7, 2012 [Dkt. 230]. Fourth, GOPAC is simply requesting a determination of Fairbank's liability (if any) and a liquidation of amounts, which would then be brought back before this Court for distribution and/or allocation of such amounts, if any. Conversely, denial of relief from the stay could cause GOPAC substantial prejudice. Primarily, it would be inequitable for Cohen to have relief from the automatic stay to pursue his claim against the Debtors – opening the door for the Debtors to pursue their claims against their co-defendants (especially GOPAC), and then prohibit the Debtors' co-defendants (such as GOPAC) from being able to defend themselves against the Debtors and/or pursue their respective claims against the Debtors. If the Debtors are given free reign to prosecute their cross-claims against GOPAC during the pending bankruptcy proceedings, it would be wholly unfair to prevent GOPAC from defending against such actions and presenting its cross-claims. *See In re Merrick*, 175 B.R. 333, 338 (BAP 9th Cir. 1994)("The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate."); *In re Briarpatch Film Corp*., 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002) (the 'automatic stay is a shield, not a sword").

21. Courts in this district have also recognized that it is fundamentally unfair to allow the Debtors to proceed with its litigation but not allow an adverse party to proceed with related litigation. *See In re OMNA Medical Partners, Inc.*, 2000 WL 33712302 *3 (Bankr. D. Del. June 12, 2000) (J. Walrath) (recognizing that a state court action commenced by debtor prepetition was unaffected by the automatic stay but that "[i]t is fundamentally unfair to allow the Debtor to

proceed with state court litigation, but not to allow the Defendants to proceed with related litigation") *quoting Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp*., 682 F.2d 446 (3d Cir. 1982) (permitting debtor to proceed with its appeal while appeal of the same case by creditor is stayed would be unfair).

22. The Debtors will face little, if any, hardship as it relates to their bankruptcy estates if GOPAC's cross-claims are allowed to proceed. The Debtors will not be subject to novel issues of fact or law and will simply be participants for a determination of whether Debtors bear any responsibility in the matter. Furthermore, allowing GOPAC's cross-claims to proceed would merely determine the extent of liability which may completely exonerate GOPAC's liability, if any, or in the very least, reduce GOPAC's liability However, to restrict GOPAC from being able to present its cross-claims is a substantial hardship which clearly outweighs the slight, if any, hardship to the Debtors.

23. As to the probability of success on the merits prong, the threshold here is low and the cross-claims present triable and reviewable issues. If the Debtors are allowed to prosecute their cross-claims against GOPAC during the pendency of the bankruptcy proceedings, then GOPAC should be allowed to defend itself and assert its own critical cross-claims against the Debtors.

24. For the reasons set forth above, cause clearly exists to modify the stay to allow GOPAC to proceed with its cross-claims against the Debtors.

WHEREFORE, GOPAC respectfully requests that the Court enter an Order granting its request for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" in order to allow GOPAC to prosecute its cross-claims against the Debtors in the Cohen Litigation and for such other and further relief as the Court deems appropriate.

Date: May 18, 2012
Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/William D. Sullivan*
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
Seth S. Brostoff (No. 5312)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

-- AND --

Jonathan W. Young
Yeny C. Estrada
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 201-2000
Fax: (312) 201-2555

*Attorneys for Continental Casualty Company and its North American Insurance Affiliates*