**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| AFA INVESTMENT INC., *et al.*,[1] | : | Case No. 12-11127 (MFW) |
| Debtors. | : | (Jointly Administered) |

# STATEMENT OF FINANCIAL AFFAIRS FOR AFA INVESTMENT INC. (CASE NO. 12-11127)

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): AFA Investment Inc. (0331); American Foodservice Corporation (1780); American Fresh Foods, Inc. (7389); American Fresh Foods, L.P. (7302); AFA Foods, Inc. (0429); American Fresh Foods, LLC (7301); Fairbank Reconstruction Corporation (2405); American Foodservice Investment Company, LLC (9525); and United Food Group LLC (7584). The address of each of the Debtors is 860 First Avenue, Suite 9A, King of Prussia, Pennsylvania 19406.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| AFA INVESTMENT INC., *et al.*, | : | Case No. 12-11127 (MFW) |
| Debtors.[1] | : | Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On April 2, 2012 (the "Commencement Date"), each of the above-captioned debtors (the "Debtors") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") filed by the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to section 521 of the Bankruptcy Code, Rule 1007 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware by the Debtors' management with unaudited information available as near as possible to the Commencement Date, unless otherwise indicated. The Schedules and SOFAs reflect the separate assets and liabilities of each individual Debtor. The Schedules and SOFAs do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: AFA Investment Inc. (0331); American Foodservice Corporation (1780); American Fresh foods, inc. (7389); American Fresh Foods, L.P. (7302); AFA Foods, Inc. (0429); American Fresh foods, llc (7301); Fairbank Reconstruction Corporation (2405); American Foodservice Investment Company, LLC (9525); and United Food Group LLC (7584). The address of each of the Debtors is 860 First Avenue, Suite 9A, King of Prussia, Pennsylvania 19406.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

The Schedules and SOFAs have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and SOFAs, the Debtors' authorized representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. Such representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs.

1. Reservation of Rights. The Debtors' chapter 11 cases are large and complex. Although the Debtors' management made every reasonable effort to ensure the Schedules and SOFAs are as accurate and complete as possible, based on the information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Because the Schedules and SOFAs contain unaudited information, which is subject to further review, verification and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete.

Nothing contained in the Schedules and SOFAs or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert any claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." Further, nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the rights of the Debtors or their estates with respect to these chapter 11 cases and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected on the Schedules and/or SOFAs. The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and SOFAs.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

2. Reporting Date. The Debtors' fiscal year ends on December 31. All asset and liability information, except where otherwise noted, is provided as of the Commencement Date.

3. Currency. All amounts are reflected in U.S. dollars as of the Commencement Date, unless otherwise noted below.

4. Estimates and Assumptions. The preparation of the Schedules and SOFAs required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities and the reported amounts of revenue and expense. Actual results could differ materially from these estimates.

5. Asset Presentation and Valuation. The Debtors do not have current market valuations for all assets. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all assets. Wherever possible, unless otherwise indicated, net book values as of the Commencement Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed). Accordingly, the Debtors reserve all rights to amend, supplement or adjust the asset values set forth herein. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, have no net book value and therefore are not included in the Schedules and SOFAs.

6. Liabilities. Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time. In some cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and SOFAs do not accurately reflect the aggregate amount of the Debtors' total liabilities.

7. Consolidated Accounts Payable and Disbursements System. The Debtors use a centralized cash management system to streamline collection, transfer and disbursement of funds generated by the Debtors' business operations. The Debtors accurately record which entity has made such collections, transfers and disbursements as they are made. The cash management system is operated and maintained by Debtor AFA Foods, Inc. ("AFA Foods"). All receivables are received by, and all payables are paid by, AFA Foods on behalf of each of the Debtors, in the ordinary course of business.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

8. Intercompany Transactions. Both before the Commencement Date and after, pursuant to an order of the Bankruptcy Court, the Debtors routinely engaged (and continue to engage) in intercompany transactions with their Debtor subsidiaries and affiliates. Intercompany accounts payable and receivable as of the Commencement Date, if any, are reflected in the respective Debtors' Schedules and SOFAs. The Debtors reserve all rights with respect to such intercompany accounts payable and receivable.

   In addition to recording entries as intercompany transactions to account for proper allocation among the affiliated Debtors of centralized cash management and payment systems, the Debtors also use intercompany accounts to carry — on a consolidated basis — the book value of historical acquisition activities presently representing investment and shareholders' equity accounts. The consolidation of such investment and equity accounts into these balances gives rise to a substantial portion of the scheduled intercompany amounts.

9. Leases. Any unexpired leases are included on Schedule G. To the extent any amounts were outstanding under any leases as of the Commencement Date, such amounts have been included on Schedule F.

10. Recharacterization. The Debtors made all reasonable efforts to correctly characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and SOFAs. Due to the complexity and size of the Debtors' businesses, however, it is possible that certain items have been improperly characterized, classified, categorized or designated. In addition, certain items reported in the Schedules and SOFAs may be included in more than one category. The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

11. Claim Description. Any failure to designate a claim on the Schedules and SOFAs as "contingent," "unliquidated" or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated" or "disputed." The Debtors reserve all rights to object to or otherwise dispute, or to assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, classification or any other grounds or to otherwise subsequently designate any claim as "contingent," "unliquidated" or "disputed" (by amendment to the Schedules or otherwise). Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of certain creditors for, among other things, merchandise, goods, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

12. Undetermined or Unknown Amounts. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors for, among other things, goods, services or taxes are listed as amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to any such credits and allowances.

13. Bankruptcy Court First-Day Orders. The Bankruptcy Court authorized the Debtors in their discretion to pay various outstanding prepetition claims, including, but not limited to, certain claims relating to employee compensation, and benefits and certain claims of customers, essential suppliers, insurers and taxing authorities. Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amount reflects amounts owed as of the Commencement Date. To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court, such adjustments have not been included in the Schedules and SOFAs unless otherwise noted on the applicable Schedule.

14. Contingent Assets and Causes of Action. Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and SOFAs, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any potential claims, causes of action or avoidance actions, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such potential claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

Additionally, prior to the Commencement Date, the Debtors, as plaintiff, cross-claimant and/or third-party plaintiff may have asserted claims against third parties, seeking monetary damages for business-related losses.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

15. Guarantees and Other Secondary Liability Claims. The Debtors used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules. The Debtors placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend or supplement the Schedules to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and SOFAs to recharacterize or reclassify any such contract or claim.

16. Investigations. From time to time, the Debtors may be subject to certain investigations from various governmental and nongovernmental entities. The Debtors have complied with all such requests for documents and information. Since the Commencement Date, the Debtors have not been engaged in any proceedings regarding these investigations, and therefore excluded this information from the Schedules and SOFAs.

17. Assumptions Used in Responding to Specific Questions in the SOFAs

a. SOFA Question 1. The revenue amounts shown in response to this question do not include toll revenue, a reduction for outbound freight or eliminations.

b. SOFA Question 2. Other income amounts include general ledger accounts such as: Other Income/Expense; Gain or Loss from the Sale of Fixed Assets; Interest Income Other; and Misc. Income.

c. SOFA Question 3b. Due to confidentiality concerns and sensitivity to employees' rights of privacy, addresses for employees receiving disbursements have not been included in response to this question. Ordinary course compensation and benefits to employees are scheduled in the aggregate as payments to the Debtors' payroll processing service, Automatic Data Processing, Inc. ("ADP"), and not on an employee-by-employee basis. By contrast, certain employee expense reimbursements and de minimis payments made, for example, to adjust or correct ordinary course compensation payments made through ADP, are scheduled as payments to the applicable employees.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

d. SOFA Question 3c. The listing of a party as an "Insider," throughout the Schedules and SOFAs, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby expressly reserved.

The amounts shown in response to this question for salary and bonus payments are gross amounts and do not include reductions for employee tax withholding or withholdings for employee paid benefits.

e. SOFA Question 5. The operating Debtors routinely return damaged, unsatisfactory, out of specification raw materials and other goods to vendors in the ordinary course of business. These ordinary course returns have not been listed in response to this question.

f. SOFA Question 13. The operating Debtors engage in certain customer programs, including return and rebate programs pursuant to which customers may receive credits and cash payments. Such transactions were not considered setoffs for the purpose of responding to SOFA Question 13, although the Debtors reserve all rights and make no admission or waiver thereby.

g. SOFA Question 14. The response to SOFA Question 14 does not include equipment leased by the Debtors that is located on the Debtors' premises. These leases are included in Schedule G.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities. These funds are held in trust for turnover to the applicable governmental authority. Since the Debtors do not retain control of these funds, nor are these funds considered property of the estate, such amounts have not been itemized under SOFA Question 14.

h. SOFA Question 19d. Prior to the commencement of these chapter 11 cases, the Debtors considered various restructuring alternatives. These restructuring alternatives included discussions with third parties, including potential lenders and investors, who, subject to confidentiality agreements, may have been granted access to certain information as requested from the Debtors' books and records. The Debtors also may have provided consolidated financial information to banks, customers, suppliers and other various interested parties. Accordingly, the Debtors are not providing a list of the various parties to whom they may have issued financial statements during the requested period because it would be unduly burdensome for them to produce such a list.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

i. SOFA Question 20a. The Debtors maintain raw materials, stores (including spare parts and supplies), packaging and semifinished and finished goods inventory at the operating Debtors' facilities. With the exception of the Los Angeles manufacturing locations, each manufacturing facility completes a full physical inventory count of raw materials, finished goods and packaging inventory on a monthly basis. Additionally, raw materials and finished goods inventory are tracked daily based on receipts and production by the warehouse managers. Spare parts and supplies (with a cost threshold of $25 or more) are subject to periodic cycle counts that are completed as such inventory is received by each plant. The Los Angeles manufacturing locations perform inventory cycle counts on a weekly basis of their raw materials, parts and supplies and finished goods. During each cycle count process, a certain sub-population of the inventory is counted, with the larger dollar/heavy use items being counted more frequently. A full physical inventory count of packaging is performed on a monthly basis.

At the conclusion of each fiscal year, each of the Debtors operating facilities perform a full physical inventory count of all inventory categories maintained at each location. The responsibility for conducting the inventory counts is generally with the department supervisors (i.e., the applicable warehouse manager, distribution manager or maintenance manager). Following each inventory count, the results are verified and valued by the plant controllers at each manufacturing facility.

j. SOFA Question 23. All cash payments to insiders of the Debtors have been listed under SOFA Question 3c, including all forms of cash compensation. The items listed under SOFA Question 23 incorporate by reference any items listed under SOFA Question 3c, and vice versa.

k. SOFA Question 24. In response to SOFA Question 24, the Debtors have identified only those consolidated tax groups that the applicable Debtor has been a member of under the Debtors' current ownership structure.

18. Assumptions Used in Responding to Specific Questions in the Schedules.

a. Schedule A. The amounts shown are based on the March 2012 month end closing account balances, unless otherwise noted.

b. Schedule B. The amounts shown are based on the March 2012 month end closing account balances, unless otherwise noted.

c. Schedule B2. Cash accounts are presented at book value, unless otherwise noted. Certain of the Debtors' bank accounts reflect negative balances as a result of checks that have been issued by the applicable Debtor but not yet cashed.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

d. Schedule B13. The book value of equity investments may be significantly different from market value.

e. Schedule B16. Trade accounts receivable is net of (1) allowance for doubtful accounts, (2) allowances and discounts and (3) sales in transit.

f. Schedule B23. With respect to customer relationships, the Debtors have long-standing relationships with many of the largest national grocery chains and leading food service customers, which the Debtors have valued. The value of these customer relationships set forth in Schedule B23 is based on appraisals completed in 2008 and is shown net of amortization.

g. Schedule B35. In addition to recording entries as intercompany transactions to account for proper allocation among the affiliated Debtors of centralized cash management and payment systems, the Debtors also use intercompany accounts to carry — on a consolidated basis — the book value of historical acquisition activities presently representing investment and shareholders' equity accounts. The consolidation of such investment and equity accounts into these balances gives rise to a substantial portion of the scheduled intercompany amounts.

h. Schedule D. Except as otherwise agreed pursuant to a stipulation, agreed order or general order entered by the Bankruptcy Court, the Debtors reserve all rights to dispute or challenge validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable security agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

i. Schedule F. Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Commencement Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date that each claim in Schedule F was incurred or arose would be unduly burdensome; therefore, the Debtors do not list a date for each claim listed on Schedule F.

The Debtors participate in a centralized cash management system through which all payments are made by one Debtor on behalf of other Debtors or through which all customer collections are made to one Debtor and transferred to other Debtors. These payments generally are reported on the Schedules and SOFAs of the Debtor on behalf of which the payment was made.

Certain claims listed on Schedule F may include amounts entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code.

Intercompany accounts identified on Schedule F generally are comprised of multiple components. The Debtors record entries as intercompany transactions to account for the proper allocation among the affiliated Debtors of transactions under their centralized cash management and payment systems. In addition, the Debtors use the same intercompany accounts to carry — on a consolidated basis — the book value of historical acquisition activities presently representing investment and shareholders' equity accounts. A substantial portion of the scheduled intercompany amounts related to the inclusion of such equity and investment accounts.

In addition to recording entries as intercompany transactions to account for proper allocation among the affiliated Debtors of centralized cash management and payment systems, the Debtors also use intercompany accounts to carry — on a consolidated basis — the book value of historical acquisition activities presently representing investment and shareholders' equity accounts. The consolidation of such investment and equity accounts into these balances gives rise to a substantial portion of the scheduled intercompany amounts.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

j. Schedule G. The Debtors' business is large and complex. Although the Debtors' existing records and information systems have been relied upon to identify and schedule executory contracts and unexpired leases and every effort has been made to ensure the accuracy of each Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed therein may have expired or been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements, which may not be listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Executory agreements that are oral in nature have not been included in Schedule G.

k. Schedule H. Codefendants in litigation matters involving the Debtors are not listed in Schedule H. In addition, the Debtors may not have identified all Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all rights to amend or supplement the Schedules to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.

19. Amendment. The Debtors have made reasonable efforts to prepare and file complete and accurate Schedules and SOFAs. Despite these efforts, inadvertent errors or omissions may exist. The Debtors reserve the right to amend and/or supplement the Schedules and SOFAs as may be necessary or appropriate.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

20. Limitation of Liability. The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

B7 (Official Form 7) (04/10)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
## UNITED STATES BANKRUPTCY COURT
### District of Delaware

**In re: AFA Investment Inc.** **Case No. 12-11127 (MFW)**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

**3. Payment to creditors**

***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

** Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| X | | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | See applicable Global Note(s). | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| X | | | | |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

***Footnote:***
***(1) Certain payments were made on behalf of all of the Debtors by Debtor AFA Foods, Inc. ("AFA Foods"), as set forth in the response of AFA Foods to SOFA Question 9.***

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|---|
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|---|
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|---|
| X | See applicable Global Note(s). | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|---|
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|---|
| X | | | |

**16. Spouses and Former Spouses**
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|---|---|
| X | |

**17. Environmental Information**.
For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| X | | | |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | AFA Foods, Inc. | 26-2710429 | 860 First Avenue Suite 9A<br>King of Prussia, PA 19406 | Corporate Holding Company | 5/29/2008 to Present |
| | United Food Group LLC | 95-4527584 | 860 First Avenue Suite 9A<br>King of Prussia, PA 19406 | Operating Company-Meat Processor | 2/09/2010 to 4/01/2011 |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* ***only*** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Diane Manerchia<br>860 First Avenue Suite 7A<br>King of Prussia, PA 19406 | June, 2010 to May, 2011 |
| | Cynthia Yanchus<br>860 First Avenue Suite 7A<br>King of Prussia, PA 19406 | Feb, 2011 to Present |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Ernst and Young (audit) | P.O. Box 640382<br>Pittsburgh, PA 15264 | December, 2010 to Present |
| | PriceWaterhouse Coopers (tax) | P.O. Box 7247-8001<br>Philadelphia, PA 19170 | December, 2010 to Present |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Cynthia Yanchus | 860 First Avenue Suite 7A<br>King of Prussia, PA 19406 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| | See applicable Global Note(s). | |

**20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| | See Attachment 21b | | |

**22. Former partners, officers, directors and shareholders**

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| X | | | |

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**24. Tax Consolidation Group.**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**In Re: AFA Investment Inc.**
**Case No. 12-11127**
Attachment 21B
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature of Ownership | Percentage of Stock Ownership |
|---|---|---|---|---|---|---|---|---|
| Barry E. Renninger | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Director | Minority Equity Holder - Common Share Stock | 1.2% |
| Bradford Nugent | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Director | None | 0.0% |
| Carlton Jenkins | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Director | None | 0.0% |
| Eric Holoman | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Director | None | 0.0% |
| Robert P. Bermingham | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Vice President Secretary | None | 0.0% |
| Tom Dahlen | 860 First Avenue | Suite 9A | King of Prussia | PA | 19406 | Director | None | 0.0% |
| YCIF II Second Lien Holdings, LLC | 9130 W. Sunset Blvd. | | West Hollywood | CA | 90069-3110 | Sole Preferred Share Stockholder | Share Ownership - Preferred Stockholder | 100.0% |
| Yucaipa Corporate Initiatives Fund II, LLC | 9130 W. Sunset Blvd. | | West Hollywood | CA | 90069-3110 | Majority Equity Holder - Common Share Stock | Share Ownership - Common Stockholder | 92.0% |

(1) Minority shares of AFA Investment Inc. common stock are held by certain members of management, namely Rickey Fahle (4.1%), Ronald Allen (2.6%) and Barry E. Renninger (listed above). In addition, equity warrants and indirect preferred equity interests are held by NBPCo Holdings, LLC.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: AFA Investment Inc.** **Case No. 12-11127 (MFW)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, John Grabowski, Executive Vice President and Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date 5/24/2012

Signature: 

**John Grabowski**

**Executive Vice President and Chief Financial Officer**

---

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.**