# EXHIBIT A

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Greater Omaha Packing Co., Inc. | 585 | Unliquidated | Claim should be disallowed pursuant to 11 U.S.C. § 502(e)(1)(B) because it is a disputed, unresolved, contingent and unliquidated claim for contribution, indemnification and/or reimbursement. |
| Greater Omaha Packing Co., Inc. | 594 | Unliquidated | Claim should be disallowed pursuant to 11 U.S.C. § 502(e)(1)(B) because it is a disputed, unresolved, contingent and unliquidated claim for contribution, indemnification and/or reimbursement. |
| Continental Casualty Company | 588 | Unliquidated | Claim should be disallowed pursuant to 11 U.S.C. § 502(e)(1)(B) because it is a disputed, unresolved, contingent and unliquidated claim for contribution, indemnification and/or reimbursement. |

Copies of these proofs of claim are attached hereto.

ATI-2575977v5

DOCS_DE:189366.1 00240/001

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM

| Name of Debtor (check all that apply): | |
|---|---|
| ☐ AFA Investment Inc., Case No. 12-11127 | ☐ American Foodservice In... |
| ☐ AFA Foods, Inc., Case No. 12-11128 | ☐ American Fresh Foods, LLC, Case No. 12-11132 |
| ☐ American Foodservice Corporation, Case No. 12-11129 | ☐ American Fresh Foods, L.P., Case No. 12-11133 |
| ☐ American Fresh Foods, Inc., Case No. 12-11130 | ☐ United Food Group LLC, Case No. 12-11134 |
| | ☒ Fairbank Reconstruction Corporation, Case No. 12-11135 |

Claim #585  Date Filed: 10/8/2012

**RECEIVED**

OCT 0 8 2012

KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

NOTE: *Use this form to assert prepetition secured or priority claims and postpetition administrative expense claims. You should not file a request, motion or application on the general docket for payment of an administrative expense.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Greater Omaha Packing Co., Inc.

Name and Address where notices should be sent: (see Attachment for additional notice names and addresses)

c/o Stephen P. Ellenbecker
The Gloor Law Group
225 W. Wacker Drive
Suite 1800
Chicago, IL 60606
Telephone number: (312) 752-3712   email:   sellenbecker@gloorlaw.com

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(*if known*)
Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

**1. Amount of Claim.**

If asserting a prepetition priority claim, specify amount of claim entitled to priority as of April 2, 2012:   $_____

If asserting a postpetition administrative claim, specify amount of claim as of September 4, 2012 or later:   $_____

If asserting a prepetition general unsecured, nonpriority claim, specify amount of claim as of April 2, 2012:   $ unliquidated (see Attachment)

(**NOTE:** *No bar date has been established to assert prepetition general unsecured, nonpriority claims in these cases.*)

If all or part of your claim is secured, complete item 4. For all priority and administrative claims asserted with this form, whether or not secured, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See Attachment (See instruction #2)

| **3.** Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___ | **3a.** Debtor may have scheduled account as: _____ (See instruction #3a) | **3b.** Uniform Claim Identifier (optional): _____ (See Instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4) See Attachment
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe:
Value of Property: $ unliquidated
Annual Interest Rate (when case was filed) _____%  ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____
Basis for perfection: _____
Amount of Secured Claim:   $_____
Amount Unsecured:   $_____

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or Administrative Status under 11 U.S.C. § 503(b). If any part of the claim falls into one of the following categories, check the applicable box.

☐ Actual, necessary costs and expenses of preserving the estate – 11 U.S.C. § 503(b)(1)(A).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Wages, salaries, or commissions (up to $11,725) earned within 180 days before April 2, 2012 – 11 U.S.C. § 507 (a)(4).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__) or 11 U.S.C. § 503(b)(__).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
NOTE: *You should not use this form to assert claims under 11 U.S.C. § 503(b)(9) for goods received by the Debtors within 20 days before April 2, 2012, which were subject to a prior bar date of June 11, 2012 at 4:00 p.m., Eastern Time.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, contracts, judgments, and security agreements. If the claim is secured, redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7, and the definition of "redacted".*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: See Attachment

**Signature:** (See instruction #8). Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other co debtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief.

Print Name:  Stephen Ellenbecker
Title:  attorney
Company:  The Gloor Law Group
Address and telephone number (if difference from notice address above):

(Signature)   10-4-12 (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

AM 17403386.1

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return


1211135121008000000000001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
AFA INVESTMENT, INC., *et al.*,                  :    Case No. 12-11127 (MFW)
                                                 :
                              Debtors.           :    (Jointly Administered)
------------------------------------------------x

ATTACHMENT TO PROOF OF CLAIM
FILED BY GREATER OMAHA PACKING CO., INC.

I.  **NOTICES RESPECTING THIS CLAIM**

All notices respecting this claim must be served upon the following persons (the **"Notice Parties"**):

> Greater Omaha Packing Co., Inc.
> c/o Angelo Fili
> Executive Vice President
> [address]
>
> -and-
>
> Stephen P. Ellenbecker
> The Gloor Law Group
> 225 W. Wacker Drive
> Suite 1800
> Chicago, IL 60606
>
> and
>
> Lisa LaConte
> CNA
> Claims Consultant
> Environmental and Mass Tort Claims
> 1249 South River Road
> Cranbury, NJ 08512

II. **BACKGROUND**

Greater Omaha Packing Co., Inc. ("*Claimant*" or "*GOPAC*") is a supplier of raw beef products. Prior to the Petition Date (defined herein), Debtor, Fairbank Reconstruction Corporation ("*Fairbank*"), purchased raw beef products from GOPAC to produce ground beef for sale and distribution to the general public.

Revised GOPAC Proof of Claim - Litigation.DOC

On or about October 31, 2009, Fairbank voluntarily recalled approximately 545,600 pounds of ground beef products that was produced at its plant in Ashville, New York in connection with an outbreak of alleged illnesses from consuming Fairbank's products in the Northeast region of the United States.

GOPAC, along with Fairbank and others, are named co-defendants in at least five (5) prepetition personal injury lawsuits filed by multiple individuals who had allegedly become ill after eating the allegedly tainted beef products sold by Fairbank. A list of the pending lawsuits where GOPAC is a co-defendant (collectively, the "*Lawsuits*") is set forth as follows:

| COURT | CASE NO. | PARTIES |
| --- | --- | --- |
| U.S. District Court of Maine | 11-cv-00437 (the "*Jones Case*") | Plaintiff: Emmie Jones, as parent and natural guardian of MJ<br><br>Defendants: Fairbank and GOPAC |
| U.S. District Court of New Hampshire | 10-cv-337 (the "*Precourt Case*") | Plaintiffs: Lori Precourt, Administrator of the estate of Carolyn Black, and Diana Morrison<br><br>Defendants: Fairbank, GOPAC and Shaw's Supermarkets, Inc. |
| U.S. District Court of Connecticut | 11-cv-01396 (the "*Cannella Case*") | Plaintiffs: LouAnn and Joseph Cannella<br><br>Defendants: Fairbank and GOPAC |
| U.S. District Court of Connecticut | 11-cv-01618 (the "*Campanelli Case*") | Plaintiff: Martena Campanelli<br><br>Defendants: Greater Omaha Packing Company, Fairbank Farms, Fairbank Construction, and Supervalue Inc., |
| Supreme Court of New York | Docket No. 4087-10 (the "*Cohen Case*") | Plaintiff: Donald R. Cohen, individually and as executor of the estate of his wife Susan G. Cohen<br><br>Defendants: Fairbank, The Price Chopper Inc., Price Chopper Operating Co., Inc., and GOPAC |

In each of the above-referenced Lawsuits, Fairbank filed cross-claims against GOPAC. Fairbank alleged that if Fairbank were to be found liable to the respective plaintiffs in the above referenced Lawsuits, then Fairbank was entitled to common law and contractual contribution and indemnification against GOPAC for any sums that Fairbank is adjudged liable to pay the plaintiffs on the grounds that the raw materials supplied by GOPAC to Fairbank which Fairbank used to process its ground beef were the source of the contamination. GOPAC asserted its own cross-claims in the respective lawsuits, except in the Precourt Case, against Fairbank.

GOPAC and Fairbank contributed sums in settlement of plaintiff's claims in the Precourt Case but specifically reserved their respective rights to recover the sum of their contributions from the other.

2

On April 2, 2012 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code which stayed the Lawsuits.

On June 14, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit GOPAC to continue the prosecution of its cross-claims for contribution and/or indemnity against the Debtors in the Cohen Case. [Dkt. No. 343]. On June 15, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit all parties in the Jones Case to proceed to and through final resolution of that action effective June 18, 2012, and to permit all parties in the Cannella Case to proceed to and through final resolution of that action effective as of October 15, 2012 [Dkt. No. 352]. The automatic stay remains in place as to the Precourt Case and the Campanelli Case.

### III. CLAIM AGAINST THE DEBTORS

GOPAC files this proof of claim against each of the following debtors: AFA Investment Inc., American Foodservice Corporation, American Fresh Foods, Inc., American Fresh Foods, L.P., AFA Foods, Inc., American Fresh Foods, LLC, Fairbank Reconstruction Corporation, American Foodservice Investment Company, LLC, and United Food Group LLC (collectively, the "*Debtors*").

GOPAC submits this claim against the Debtors based on, among other things, GOPAC's rights to contribution and indemnity from the Debtors, relating to or arising out of the Lawsuits all as more fully set forth herein and in the Lawsuits listed above.

Out of an abundance of caution, GOPAC submits this claim as a general unsecured claim in an unliquidated amount against each of the Debtors to the extent that any undisclosed inter-debtor guarantees may be applicable and to which each of the Debtors are jointly and severally liable. However, GOPAC seeks only one satisfaction of its claim.

### IV. RESERVATION OF RIGHTS

GOPAC hereby reserves all rights and remedies it has as against the Debtors relating to or arising out of the Lawsuits. In addition, nothing contained herein shall in any way affect GOPAC's rights to pursue claims against the Debtors' insurance policies and the proceeds from these policies.

GOPAC is currently litigating the elements of the claims asserted herein and this proof of claim is being filed, in part, as a protective proof of claim, and is filed to protect GOPAC from the potential forfeiture of any and all rights against the Debtors. The filing of this proof of claim shall not constitute: (a) a waiver or release by GOPAC of the rights GOPAC has against the Debtors or any other person or property; (b) a waiver by GOPAC to contest the jurisdiction of this Court with respect to the subject matter of the claims asserted in this proof of claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving GOPAC; (c) a waiver or relinquishment of GOPAC's rights with respect to the automatic stay that currently is in force and effect in the chapter 11 case pursuant to section 362 of the Bankruptcy Code; (d) a waiver by GOPAC to contest the jurisdiction of this Court under 28 U.S.C. §157(b)(5); (e) an acknowledgement that

the claims asserted herein are "core" as set forth in 28 U.S.C. § 157(b); or (f) an election of remedies or choice of law.

GOPAC reserves the right to amend and/or supplement this proof of claim at any time and in any manner, and to file proofs of claim for additional claims which may be based on the respective rights and obligations arising under the relationship described herein or the same events and circumstances described herein. In addition, GOPAC reserves the right to attach or bring forth additional documentation supporting its claims and additional documents that may become available after further investigation and discovery.

## V.   SETOFF, RECOUPMENT, SUBROGATION, ETC

To the extent GOPAC has certain equitable rights or other rights, including without limitation, the rights of recoupment, setoff and subrogation, such rights are expressly asserted hereby, and GOPAC reserves all of its rights and preserves all defenses in connection therewith. GOPAC additionally reserves its rights with respect to any provision of any Order setting bar dates for filing proofs of claim in this case, which may purport to discharge GOPAC's setoff, recoupment, or other equitable rights.

## VI.  DOCUMENTS SUPPORTING PROOF OF CLAIM

Because this Proof of Claim rests on GOPAC's claims against the Debtors based on contribution and indemnity relating to the Lawsuits, the documentary support is found in the complaints and other pleadings filed in the various Lawsuits described above. As such, the Debtors have been provided with these documents by (a) being a named co-defendant or brought in as a cross-claim defendant in these Lawsuits, and (b) propounded discovery to the extent applicable in connection with the respective Lawsuits. To the extent the Debtors are not in possession of these documents, GOPAC will provide the Debtors with additional copies upon request and so long as dissemination of these documents by GOPAC is not otherwise protected or of a confidential nature. Finally, GOPAC will provide the Debtors with all pleadings in future lawsuits as GOPAC receives same.

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM

**Name of Debtor (check all that apply):**
- ☐ AFA Investment Inc., Case No. 12-11127
- ☐ AFA Foods, Inc., Case No. 12-11128
- ☐ American Foodservice Corporation, Case No. 12-11129
- ☐ American Fresh Foods, Inc., Case No. 12-11130
- ☐ American Foodservice ...
- ☐ American Fresh Foods, LLC, Case No. 12-11132
- ☐ American Fresh Foods, L.P., Case No. 12-11133
- ☐ United Food Group LLC, Case No. 12-11134
- ☒ Fairbank Reconstruction Corporation, Case No. 12-11135

Claim #594  Date Filed: 10/8/2012

**RECEIVED**

**OCT 0 8 2012**

**KURTZMAN CARSON CONSULTANTS**

COURT USE ONLY

NOTE: *Use this form to assert prepetition secured or priority claims and postpetition administrative expense claims. You should not file a request, motion or application on the general docket for payment of an administrative expense.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

Greater Omaha Packing Co., Inc.

**Name and Address where notices should be sent:** (see Attachment for additional notice names and addresses)

c/o Stephen P. Ellenbecker
The Gloor Law Group
225 W. Wacker Drive
Suite 1800
Chicago, IL 60606
Telephone number: (312) 752-3712    email: sellenbecker@gloorlaw.com

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(*if known*)
Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

**1. Amount of Claim.**

If asserting a prepetition priority claim, specify amount of claim entitled to priority as of April 2, 2012:    $ _____

If asserting a postpetition administrative claim, specify amount of claim as of September 4, 2012 or later:    $ _____

If asserting a prepetition general unsecured, nonpriority claim, specify amount of claim as of April 2, 2012:    $ __unliquidated (see Attachment)__

(NOTE: *No bar date has been established to assert prepetition general unsecured, nonpriority claims in these cases.*)

If all or part of your claim is secured, complete item 4. For all priority and administrative claims asserted with this form, whether or not secured, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See Attachment (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ____

**3a. Debtor may have scheduled account as:** _____ (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____ (See Instruction #3b)

**4. Secured Claim** (See instruction #4) See Attachment
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe:
Value of Property: $ __unliquidated__
Annual Interest Rate (when case was filed) ____% ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim:    $ _____
Amount Unsecured:    $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or Administrative Status under 11 U.S.C. § 503(b).** If any part of the claim falls into one of the following categories, check the applicable box.

☐ Actual, necessary costs and expenses of preserving the estate – 11 U.S.C. § 503(b)(1)(A).

☐ Wages, salaries, or commissions (up to $11,725) earned within 180 days before April 2, 2012 – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
NOTE: *You should not use this form to assert claims under 11 U.S.C. § 503(b)(9) for goods received by the Debtors within 20 days before April 2, 2012, which were subject to a prior bar date of June 11, 2012 at 4:00 p.m., Eastern Time.*

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__) or 11 U.S.C. § 503(b)(__).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, contracts, judgments, and security agreements. If the claim is secured, redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7, and the definition of "redacted".*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: **See Attachment**

**Signature:** (See instruction #8). Check the appropriate box.

☐ I am the creditor.
☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other co debtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief.

Print Name: ___Stephen Ellenbecker___
Title: ___attorney___
Company: ___The Gloor Law Group___
Address and telephone number (if difference from notice address above):

(Signature)    10-4-12    (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

AM 17403386.1

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope


12111351210080000000000002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re:                                             :    Chapter 11
                                                   :
AFA INVESTMENT, INC., *et al.*,                    :    Case No. 12-11127 (MFW)
                                                   :
                             Debtors.              :    (Jointly Administered)
------------------------------------------------------x

ATTACHMENT TO PROOF OF CLAIM
FILED BY GREATER OMAHA PACKING CO., INC.

I.  **NOTICES RESPECTING THIS CLAIM**

All notices respecting this claim must be served upon the following persons (the "**Notice Parties**"):

> Greater Omaha Packing Co., Inc.
> c/o Angelo Fili
> Executive Vice President
> [address]
>
> -and-
>
> Stephen P. Ellenbecker
> The Gloor Law Group
> 225 W. Wacker Drive
> Suite 1800
> Chicago, IL 60606
>
> and
>
> Lisa LaConte
> CNA
> Claims Consultant
> Environmental and Mass Tort Claims
> 1249 South River Road
> Cranbury, NJ 08512

II. **BACKGROUND**

Greater Omaha Packing Co., Inc. ("**Claimant**" or "**GOPAC**") is a supplier of raw beef products. Prior to the Petition Date (defined herein), Debtor, Fairbank Reconstruction

Corporation ("**Fairbank**"), purchased raw beef products from GOPAC to produce ground beef for sale and distribution to the general public.

On or about October 31, 2009, Fairbank voluntarily recalled approximately 545,600 pounds of ground beef products produced at its Ashville, New York plant in connection with an outbreak of alleged illnesses alleged to be caused by consuming Fairbank's products in the Northeast region of the United States.

GOPAC, along with Fairbank and retailers, are named co-defendants in at least **five (5)** prepetition personal injury lawsuits filed by multiple individuals who allegedly became ill after eating the allegedly tainted beef products sold by Fairbanks.

Additionally, on November 20, 2009, plaintiffs, Margaret Long and Alice Smith, each filed a lawsuit in the United States District Court, District Court of Maine, Case Nos. 09-cv-00592-GZS and 10-cv-60-GZS, which were consolidated (the "*Long/Smith Cases*"), seeking damages from Fairbank arising from illnesses suffered as a result of consuming ground beef contaminated with *E.coli* O157:H7. In the Long/Smith Cases, Fairbank filed third-party complaints against GOPAC alleging that raw materials supplied by GOPAC to Fairbank – known in the industry as "beef trim" – were the source of the contamination and sought indemnity and contribution for damages arising from the plaintiffs' claims.

During the pendency of the Long/Smith Cases, Fairbank conceded responsibility and liability for the Plaintiffs' illnesses and resulting damages and settled the respective claims of the Plaintiffs which resulted in the dismissal of their claims. Only Fairbank's third-party claims against GOPAC for indemnity and contribution remained pending in the Federal Court Actions which were consolidated under Case No. 09-cv-00595-GZS.

A jury trial commenced on November 1, 2011, and concluded on November 10, 2011. On November 9, 2011, GOPAC moved for a directed verdict pursuant to Fed. R. Civ. P. 50 (a) which was denied by oral order on November 10, 2011. On or about November 14, 2011, the court entered a judgment in favor of Fairbank. GOPAC subsequently filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (b)(3), a Motion for Judgment Notwithstanding the Verdict Pursuant to Fed. R. Civ. P. 50(b), and a Motion for New Trial Pursuant to Fed. R. Civ. P. 59(a), all of which were denied by orders on or about March 12, 2012.

During the trial, GOPAC was not permitted to assert a defense that the Debtors were negligent and not entitled to indemnification. The jury found in favor of Fairbank and against GOPAC. The underlying judgment in the Federal Court Actions also found that Fairbank was entitled to indemnification from GOPAC although GOPAC disputes that finding.

GOPAC has appealed the outcome of the trial and various underlying rulings (the "*Appeal*") to the United States Circuit Court of Appeals for the First Circuit which is currently pending.

On April 2, 2012 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code which stayed the Appeal.

2

On June 14, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit the Appeal to proceed to final resolution, including without limitation any additional appeals and any proceedings on remand. [Dkt. No. 342].

### III. CLAIMS AGAINST THE DEBTORS

GOPAC files this proof of claim against each of the following debtors: AFA Investment Inc., American Foodservice Corporation, American Fresh Foods, Inc., American Fresh Foods, L.P., AFA Foods, Inc., American Fresh Foods, LLC, Fairbank Reconstruction Corporation, American Foodservice Investment Company, LLC, and United Food Group LLC (collectively, the "*Debtors*").

GOPAC submits this claim against the Debtors based on, among other things, GOPAC's rights to contribution and indemnity from the Debtors, relating to or arising out of the Long/Smith Cases and the Appeal all as more fully set forth herein and in the Long/Smith Cases and the Appeal.

Out of an abundance of caution, GOPAC submits this claim as a general unsecured claim in an unliquidated amount against each of the Debtors to the extent that any undisclosed inter-debtor guarantees may be applicable and to which each of the Debtors are jointly and severally liable. However, GOPAC seeks only one satisfaction of its claim

### IV, RESERVATION OF RIGHTS

GOPAC hereby reserves all rights and remedies it has as against the Debtors relating to or arising out of the Long/Smith Cases and the Appeal. In addition, nothing contained herein shall in any way affect GOPAC's rights to pursue claims against the Debtors' insurance policies and the proceeds from these policies.

GOPAC is currently litigating the elements of the claims asserted herein and this proof of claim is being filed, in part, as a protective proof of claim, and is filed to protect GOPAC from the potential forfeiture of any and all rights against the Debtors. The filing of this proof of claim shall not constitute: (a) a waiver or release by GOPAC of the rights GOPAC has against the Debtors or any other person or property; (b) a waiver by GOPAC to contest the jurisdiction of this Court with respect to the subject matter of the claims asserted in this proof of claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving GOPAC; (c) a waiver or relinquishment of GOPAC's rights with respect to the automatic stay that currently is in force and effect in the chapter 11 case pursuant to section 362 of the Bankruptcy Code; (d) a waiver by GOPAC to contest the jurisdiction of this Court under 28 U.S.C. §157(b)(5); (e) an acknowledgement that the claims asserted herein are "core" as set forth in 28 U.S.C. § 157(b); or (f) an election of remedies or choice of law.

GOPAC reserves the right to amend and/or supplement this proof of claim at any time and in any manner, and to file proofs of claim for additional claims which may be based on the respective rights and obligations arising under the relationship described herein or the same events and circumstances described herein. In addition, GOPAC reserves the right to attach or

3

bring forth additional documentation supporting its claims and additional documents that may become available after further investigation and discovery.

## V. SETOFF, RECOUPMENT, SUBROGATION, ETC.

To the extent GOPAC has certain equitable rights or other rights, including without limitation, the rights of recoupment, setoff and subrogation, such rights are expressly asserted hereby, and GOPAC reserves all of its rights and preserves all defenses in connection therewith. GOPAC additionally reserves its rights with respect to any provision of any Order setting bar dates for filing proofs of claim in this case, which may purport to discharge GOPAC's setoff, recoupment, or other equitable rights.

## VI. DOCUMENTS SUPPORTING PROOF OF CLAIM

Because this Proof of Claim rests on GOPAC's claims against the Debtors based on contribution and indemnity relating to the Long/Smith Cases and the Appeal, the documentary support is found in the complaints and other pleadings filed therein. As such, the Debtors have been provided with these documents by being the third-party plaintiff in the Long/Smith Cases. To the extent the Debtors are not in possession of these documents, GOPAC will provide the Debtors with additional copies upon request so long as dissemination of these documents by GOPAC is not otherwise protected or of a confidential nature. Finally, GOPAC will provide the Debtors with all pleadings in future lawsuits as GOPAC receives same.

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|
| Name of Debtor (check all that apply): <br> ☒ AFA Investment Inc., Case No. 12-11127 <br> ☒ AFA Foods, Inc., Case No. 12-11128 <br> ☒ American Foodservice Corporation, Case No. 12-11129 <br> ☒ American Fresh Foods, Inc., Case No. 12-11130 <br> ☒ American Foodservice Inv <br> ☒ American Fresh Foods, LLC, Case No. 12-11132 <br> ☒ American Fresh Foods, L.P., Case No. 12-11133 <br> ☒ United Food Group LLC, Case No. 12-11134 <br> ☒ Fairbank Reconstruction Corporation, Case No. 12-11135 | Claim #588  Date Filed: 10/8/2012 <br> **RECEIVED** <br> OCT 0 8 2012 <br> KURTZMAN CARSON CONSULTANTS |

NOTE: *Use this form to assert prepetition secured or priority claims and postpetition administrative expense claims. You should not file a request, motion or application on the general docket for payment of an administrative expense.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Continental Casualty Company (See Addendum)                                                            COURT USE ONLY

Name and Address where notices should be sent:

Continental Casualty Company
c/o Jonathan W. Young and Yeny C. Estrada
Edwards Wildman Palmer LLP
225 West Wacker Drive, Suite 2800
Chicago, IL  60606

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(*if known*)
Filed on: _____

Telephone number: (312) 201-2100    email: jyoung@edwardswildman.com, yestrada@edwardswildman.com

Name and address where payment should be sent (if different from above):

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number:        email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

**1. Amount of Claim.**

If asserting a prepetition **priority** claim, specify amount of claim entitled to priority as of April 2, 2012:   $ _____

If asserting a postpetition **administrative** claim, specify amount of claim as of September 4, 2012 or later:   $ ___unliquidated (See Addendum)__

If asserting a prepetition **general unsecured, nonpriority** claim, specify amount of claim as of April 2, 2012:   $ ___unliquidated (See Addendum)__

(NOTE: *No bar date has been established to assert prepetition general unsecured, nonpriority claims in these cases.*)

If all or part of your claim is secured, complete item 4. For all priority and administrative claims asserted with this form, whether or not secured, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2.  Basis for Claim:** See Addendum (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: <br> __ __ __ __ | 3a. Debtor may have scheduled account as: _____ <br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ <br> (See Instruction #3b) |
|---|---|---|

**4.  Secured Claim** (See instruction #4) See Addendum
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☒ Other
Describe:
Value of Property: $___unliquidated_____
Annual Interest Rate (when case was filed) _____ %  ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim:  $ _____
Amount Unsecured:  $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) or Administrative Status under 11 U.S.C. § 503(b). If any part of the claim falls into one of the following categories, check the applicable box.**

☐ Actual, necessary costs and expenses of preserving the estate –
11 U.S.C. § 503(b)(1)(A).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Wages, salaries, or commissions (up to $11,725) earned within 180 days before April 2, 2012 – 11 U.S.C. § 507 (a)(4).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(2) or § 503(b)(__).
See Addendum

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
NOTE: *You should not use this form to assert claims under 11 U.S.C. § 503(b)(9) for goods received by the Debtors within 20 days before April 2, 2012, which were subject to a prior bar date of June 11, 2012 at 4:00 p.m., Eastern Time.*

**6.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7.  Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, contracts, judgments, and security agreements. If the claim is secured, **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: See Addendum

**Signature:** (See instruction #8). Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other co debtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief.

Print Name:  Yeny C. Estrada
Title:  Attorney
Company:  Edwards Wildman Palmer LLP
Address and telephone number (if difference from notice address above):

_____    _____    10/5/12
                                (Signature)                         (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

AM 17403386.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
AFA INVESTMENT, INC., et al.,                   :   Case No. 12-11127 (MFW)
                                                :
                            Debtors.            :   (Jointly Administered)
------------------------------------------------x

ADDENDUM TO PROOF OF CLAIM
FILED BY CONTINENTAL CASUALTY COMPANY.

I. BACKGROUND

This proof of claim (the "*Claim*") is filed on behalf of Continental Casualty Company and its insurance affiliates (individually or collectively, "*CCC*") in connection with certain unliquidated claims which CCC possesses or may possess (as discussed more fully below) against Fairbank Reconstruction Corporation ("*Fairbank*") in the above-captioned Chapter 11 proceedings. This claim should also be deemed filed in each of the Chapter 11 proceedings of Fairbank's affiliate co-debtors (Fairbank together with its affiliates, collectively, the "*Debtors*") to the extent that such Debtors are liable for any portion of this claim under the terms of any undisclosed inter-debtor guarantees that may be applicable and to which each of the Debtors are jointly and severally liable states of any of the affiliate Debtors.

Greater Omaha Packing Co., Inc.. ("*GOPAC*") is a supplier of raw beef products. Prior to the Petition Date (defined herein), Debtor, Fairbank, purchased raw beef products from GOPAC to produce ground beef for sale and distribution to the general public.

On or about October 31, 2009, Fairbank voluntarily recalled approximately 545,600 pounds of ground beef products that was produced at its plant in Ashville, New York in connection with an outbreak of alleged illnesses from consuming Fairbank's products in the Northeast region of the United States.

GOPAC, along with Fairbank and others, are either co-defendants or a third-party defendant in at least six (6) prepetition personal injury lawsuits filed by multiple individuals who had allegedly become ill after eating the allegedly tainted beef products sold by Fairbank. A list of the pending prepetition lawsuits (collectively, the "*Lawsuits*") is set forth as follows:

| COURT | CASE NO. | PARTIES |
|---|---|---|
| U.S. District Court of Maine | 11-cv-00437 (the "*Jones Case*") | Plaintiff: Emmie Jones, as parent and natural guardian of MJ<br><br>Defendants: Fairbank and GOPAC |

17416063_1.doc

| COURT | CASE NO. | PARTIES |
|---|---|---|
| U.S. District Court of New Hampshire | 10-cv-337 (the "*Precourt Case*") | <u>Plaintiffs</u>: Lori Precourt, Administrator of the estate of Carolyn Black, and Diana Morrison<br><br><u>Defendants</u>: Fairbank, GOPAC and Shaw's Supermarkets, Inc. |
| U.S. District Court of Connecticut | 11-cv-01396 (the "*Cannella Case*") | <u>Plaintiffs</u>: LouAnn and Joseph Cannella<br><br><u>Defendants</u>: Fairbank and GOPAC |
| U.S. District Court of Connecticut | 11-cv-01618 (the "*Campanelli Case*") | <u>Plaintiff</u>: Martena Campanelli<br><br><u>Defendants</u>: GOPAC, Fairbank Farms, Fairbank Construction, and Supervalue Inc., |
| Supreme Court of New York | Docket No. 4087-10 (the "*Cohen Case*") | <u>Plaintiff</u>: Donald R. Cohen, individually and as executor of the estate of his wife Susan G. Cohen<br><br><u>Defendants</u>: Fairbank, The Price Chopper Inc., Price Chopper Operating Co., Inc., and GOPAC |
| U.S. District Court of Maine | 09-cv-592 (the "Long Case")<br><br>10-cv-60 (the "Smith Case")<br><br>Consolidated and collectively, the Long/Smith Cases. | <u>Plaintiffs: Margaret Long and Alice Smith</u><br><br><u>Defendants and Third Party Plaintiffs: Fairbank</u><br><br><u>Third Party Defendant: GOPAC</u> |

Except for the Long/Smith Cases, in each of the above-referenced Lawsuits, Fairbank filed cross-claims against GOPAC. Fairbank alleged that if Fairbank were to be found liable to the respective plaintiffs in the above referenced Lawsuits, then Fairbank was entitled to common law and contractual contribution and indemnification against GOPAC for any sums that Fairbank is adjudged liable to pay the plaintiffs on the grounds that the raw materials supplied by GOPAC to Fairbank which Fairbank used to process its ground beef were the source of the contamination. GOPAC asserted its own cross-claims against Fairbank (the "*GOPAC Claims*").

In the Long/Smith Case, Fairbank filed third-party complaints against GOPAC similarly alleging that raw materials supplied by GOPAC to Fairbank were the source of the contamination and sought indemnity and contribution for damages arising from the plaintiffs' claims. During the pendency of the Long/Smith Cases, Fairbank conceded responsibility and liability for the Plaintiffs' illnesses and resulting damages and settled the respective claims of the Plaintiffs which resulted in the dismissal of their claims. Only Fairbank's third-party claims against GOPAC for indemnity and contribution remained pending in the Federal Court Actions which were consolidated under Case No. 09-cv-00595-GZS

2

During the trial, GOPAC was not permitted to assert a defense that the Debtors were negligent and not entitled to indemnification. The jury found in favor of Fairbank and against GOPAC. The underlying judgment in the Federal Court Actions also found that Fairbank was entitled to indemnification from GOPAC although GOPAC disputes that finding. GOPAC has appealed the outcome of the trial and various underlying rulings (the "*Appeal*") to the United States Circuit Court of Appeals for the First Circuit which is currently pending.

With respect to the remaining Lawsuits, GOPAC asserted its own cross-claims against Fairbank except in the Precourt Case. In the Precourt Case, GOPAC and Fairbank contributed sums in settlement of plaintiff's claims but specifically reserved their respective rights to recover the sum of their contributions from the other.

On April 2, 2012 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code which stayed the Lawsuits. On June 14, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit GOPAC to continue the prosecution of its cross-claims for contribution and/or indemnity against the Debtors in the Cohen Case. [Dkt. No. 343]. On June 14, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit the Appeal to proceed to final resolution, including without limitation any additional appeals and any proceedings on remand. [Dkt. No. 342]. On June 15, 2012, the Court entered an agreed order whereby the automatic stay was modified to permit all parties in the Jones Case to proceed to and through final resolution of that action effective June 18, 2012, and to permit all parties in the Cannella Case to proceed to and through final resolution of that action effective as of October 15, 2012 [Dkt. No. 352]. The automatic stay remains in place as to the Precourt Case and the Campanelli Case.

## III.   CLAIM AGAINST THE DEBTORS

CCC files this Claim against each of the following debtors: AFA Investment Inc., American Foodservice Corporation, American Fresh Foods, Inc., American Fresh Foods, L.P., AFA Foods, Inc., American Fresh Foods, LLC, Fairbank Reconstruction Corporation, American Foodservice Investment Company, LLC, and United Food Group LLC (collectively, the "*Debtors*").

This Claim arises from any and all insurance programs and agreements maintained by CCC (the "*Insurance Policies and Agreements*") for the benefit of GOPAC. To the extent CCC satisfies any liability or expense on account of which GOPAC would have against the Debtors, CCC would be otherwise be entitled to be subrogated GOPAC's right to payment. By filing this Claim, CCC reserves all such rights against the Debtors.

CCC asserts this Claim with respect to obligations and amounts owing to CCC that have already accrued, that continue to accrue, and that may accrue in the future. CCC reserves the right, at any time in the future, (i) to amend this Claim at any time to state a liquidated balance and (ii) to seek a judicial estimation of its Claim (or any unliquidated amounts asserted herein) pursuant to 11 U.S.C. § 502(c).

Out of an abundance of caution, CCC submits this Claim in an unliquidated amount against each of the Debtors to the extent that any undisclosed inter-debtor guarantees may be

applicable and to which each of the Debtors are jointly and severally liable. However, CCC seeks only one satisfaction of its claim.

To the extent any portion of this claim arises subsequent to the commencement of these Chapter 11 proceedings, such portion is entitled to administrative expense priority pursuant to 11 U.S.C. § 507(a)(2). Such priority is hereby reserved and asserted.

This Claim should be deemed secured by all amounts now or hereafter owing to CCC, whether under the Insurance Policies and Agreements, applicable law or otherwise. Any amounts or credits now or hereafter owing to the Debtors should be deemed to be CCC's collateral with CCC reserving all rights of setoff and/or recoupment to the fullest extent possible.

To the extent this claim is neither secured nor entitled to priority status, CCC reserves and asserts a general unsecured claim in that amount

## IV.   RESERVATION OF RIGHTS

CCC hereby reserves all rights and remedies it has as against the Debtors relating to or arising out of the Lawsuits. In addition, nothing contained herein shall in any way affect CCC's rights to pursue claims against the Debtors' insurance policies and the proceeds from these policies.

The filing of this proof of claim shall not constitute: (a) a waiver or release by CCC of the rights CCC has against the Debtors or any other person or property; (b) a waiver by CCC to contest the jurisdiction of this Court with respect to the subject matter of the claims asserted in this proof of claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving GOPAC or CCC; (c) a waiver or relinquishment of CCC's rights with respect to the automatic stay that currently is in force and effect in the chapter 11 case pursuant to section 362 of the Bankruptcy Code; (d) a waiver by CCC to contest the jurisdiction of this Court under 28 U.S.C. §157(b)(5); (e) an acknowledgement that the claims asserted herein are "core" as set forth in 28 U.S.C. § 157(b); or (f) an election of remedies or choice of law.

CCC reserves the right to amend and/or supplement this proof of claim at any time and in any manner, and to file proofs of claim for additional claims which may be based on the respective rights and obligations arising under the relationship described herein or the same events and circumstances described herein. In addition, CCC reserves the right to attach or bring forth additional documentation supporting its claims and additional documents that may become available after further investigation and discovery.

## V.   SETOFF, RECOUPMENT, SUBROGATION, ETC

To the extent CCC has certain equitable rights or other rights, including without limitation, the rights of recoupment, setoff and subrogation, such rights are expressly asserted hereby, and CCC reserves all of its rights and preserves all defenses in connection therewith. CAN additionally reserves its rights with respect to any provision of any Order setting bar dates

4

for filing proofs of claim in this case, which may purport to discharge CAN's setoff, recoupment, or other equitable rights.

## VI.   DOCUMENTS SUPPORTING PROOF OF CLAIM

Copies of the Insurance Policies and Agreements are too voluminous to attach, but will be produced upon reasonable request. Accordingly, this Claim hereby incorporates by reference all of the Insurance Policies and Agreements.